ARMAND GREGOIRE, Plaintiff, *v.* G. P. PUTNAM'S SONS, BOOKS, INC., et al., Defendants.

Supreme Court, Special Term, New York County, July 13, 1949.

*Gunther Jacobson* for plaintiff.

*Vincent J. Malone* for G. P. Putnam's Sons, Books, Inc., defendant.

*Irving E. Meller* for Curt Riess, defendant.

COHALAN, J. This is a motion for an order setting aside the dismissal of the complaint in this cause as to G. P. Putnam's Sons, Books, Inc. The action was instituted on July 2, 1946. It charged libel allegedly contained in a book published in November, 1941. The defendants named moved the dismissal of the complaint on the ground that the Statute of Limitations had run. This motion was granted at Special Term (*Gregoire* v. *G. P. Putnam's Sons,* 72 N. Y. S. 2d 717 [VALENTE, J.]). Special Term was reversed by the Appellate Division (272 App. Div. 591) but on a certified question the Court of Appeals held that the statute had run, thereby sustaining Special Term (298 N. Y. 119). The issue there litigated was whether or not the statute began to run anew with separate sales from stock of books containing the libelous matter. Reargument has been refused by the Court of Appeals (298 N. Y. 753).

Sections 27 and 28 of the Civil Practice Act were amended by the last Legislature (L. 1949, ch. 326). This section (§ 27) now provides that "Where a person is disabled to sue in the courts of the state by reason of either party being an alien subject or citizen of a country at war with the United States, *whether the cause of action arose during or prior to the period of such disability,* the time of the continuance of the disability is not a part of the time limited for the commencement of the action". The matter in italics is new. Contending that the statute is retroactive and affects pending litigations and that this cause is still pending against other defendants, plaintiff seeks to avoid the dismissal of the complaint as to the named defendants on the ground that he was interned as an enemy alien from some time in January, 1942, until September, 1946. Plaintiff's point is not well taken. The amendment to section 27 of the Civil Practice Act can only affect nonresident enemy aliens. Resident enemy aliens have always had the right to institute action (*Arndt-Ober* v. *Metropolitan Opera Co.,* 182 App. Div. 513; *Matter of Hohm,* 186 Misc. 536; *The Ocean Gift,* 48 F. Supp. 625). Indeed plaintiff himself exercised this right in July, 1946, although he was then interned and continued to be until September 13, 1946, when he was held not to be an enemy alien. No relief can therefore be granted him, and it is held that, although amended section 27 of the Civil Practice Act does not specify resident or nonresident in its reference to enemy aliens, it applies only to nonresident enemy aliens. The motion is accordingly denied in all respects.