## GREGOIRE v. G. P. PUTNAM'S SONS et al.

United States District Court
S. D. New York.

Oct. 18, 1950.

Gunther Jacobson, New York City, for plaintiff.

Spence, Hotchkiss, Parker & Duryee, New York City, Vincent J. Malone, James G. Bernheim, New York City, of counsel, for defendants.

GODDARD, District Judge.

Motion by defendants for summary judgment.

This action was brought to recover damages for an alleged libel published by defendants G. P. Putnam's Sons and The Cornwall Press, Inc. and printed by defendant Books, Inc., in a book entitled "Total Espionage". The book was originally published in November, 1941, and this action was commenced on January 19, 1950.

An almost identical action was commenced in the New York State Courts on July 2, 1946. The only difference between the two actions is that the defendant, The Cornwall Press, Inc. was named as "John Doe" in the preceding action and that Curt Riess, a defendant in the State action, is not made a party here. On a motion to dismiss in the earlier suit, the New York Court of Appeals held that there can be but a single publication of a libel printed in a book, and accordingly sustained the New York Supreme Court in dismissing the complaint on the ground that that action was barred by the Statute of Limitations.

930

Gregoire v. G. P. Putnam's Sons, 298 N.Y. 119, 81 N.E.2d 45.

Since this New York Court of Appeals decision, the New York State Legislature has amended Sections 27 and 28 of the Civil Practice Act. Section 27 now reads: "27. Effect of war on right of alien. Where a person is disabled to sue in the courts of the estate by reason of either party being an alien subject or a citizen of a country at war with the United States, *whether the cause of action arose during or prior to the period of such disability,* the time of the continuance of the disability is not a part of the time limited for the commencement of the action." [The part italicized is new.]

After this amendment was passed, the plaintiff made a motion in the New York Supreme Court in which he sought to set aside the dismissal of the complaint in the state action as to defendants G. P. Putnam's Sons and Books, Inc. on the ground that the above amendment is retroactive and tolled the Statute of Limitations as to this plaintiff because he had been interned as an enemy alien from January, 1942 until September, 1946. Judge Cohalan, holding that the aforementioned amendment affected only non-resident enemy aliens and that plaintiff as a resident enemy alien was never disabled to sue in the courts of this state, denied the motion to set aside the dismissal. Gregoire v. G. P. Putnam's Sons, 196 Misc. 832, 91 N.Y.S.2d 510. The plaintiff then filed this suit in January, 1950.

■ The decision of the state court is res judicata as to G. P. Putnam's Sons and Books, Inc. at least and binding upon this court.

■■ Even if that determination were not binding upon this court, the complaint in this action is barred by the Statute of Limitations. Since resident enemy aliens could always sue in the New York State courts, Arndt-Ober v. Metropolitan Opera Co., 182 App.Div. 513, 169 N.Y.S. 944, and also in the Federal Courts, Petition of Bernheimer, 3 Cir., 130 F.2d 396, the amendment to Section 27 could only refer to non-resident enemy aliens. As a matter of fact, plaintiff did start his suit in the

state court while he was still interned. Since plaintiff was not a non-resident enemy alien, his rights were not affected by the amendment. He had never been disabled from suing. The suit alleged in plaintiff's complaint is barred by the New York Statute of Limitations, New York Civil Practice Act, § 51, subd. 3. Gregoire v. G. P. Putnam's Sons, supra.

Section 27 provides that "the time of the continuance of the disability is not a part of the time limited for the commencement of the action." So that even if it be assumed that he was disabled from bringing suit during the period of his internment, his action is barred by the Statute of Limitations. He was released and declared not to be an enemy alien in September, 1946. The one year would have expired in September, 1947 and he did not commence this action until January, 1950.

Defendants' motion for summary judgment is granted.

Settle order on notice.